**Arden J. Olson, OSB #870704**
arden.j.olson@harrang.com
HARRANG LONG GARY RUDNICK P.C
360 East 10th Avenue, Suite 300
Eugene, Oregon 97401
Telephone:   541-485-0220
Facsimile:   541-686-6564

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ALISON GARY**, an individual, | Case No. 3:17-cv-1414-HZ |
| Plaintiff, | **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL** |
| vs. | |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** a Maine corporation, as administrator of the Dickstein Shapiro LLP Group Long Term Disability Plan, | **(Oral Argument Requested)** |
| Defendant. | |

## LR 7-1 CERTIFICATION

The undersigned counsel certifies pursuant to LR 7-1 that the parties made a good faith effort by telephone conference and correspondence to resolve each of the matters presented by this motion but were unable to do so.

## MOTION

Plaintiff A.G. hereby moves pursuant to Fed. R. Civ. P. 5.2(d) for an order requiring that, whenever the administrative record in this matter has been settled, it be filed under seal, and that

Page 1 – **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL**

the declaration of Unum's counsel [Doc 20], already filed in this matter with Plaintiff's identifying information redacted and containing significant portions of the administrative record, similarly be sealed now that this Court has required Plaintiff to place her name into the record.

## ARGUMENT

### I. UNUM HAS PREVIOUSLY RECOGNIZED IN NUMEROUS CASES THAT FILING UNDER SEAL IS AN APPROPRIATE MEANS TO PROTECT SENSITIVE MEDICAL INFORMATION FROM DISCLOSURE.

In *Petrusich v. Unum Life Ins. Co. of America,* 984 F. Supp. 2d 1112 (2013), plaintiff was a long-term disability claimant diagnosed with a number of mental conditions whose claim Unum had denied. The court noted in that opinion that the parties "filed under seal the Stipulated Administrative Record." *Id.* at 1114. Similarly, Unum has in numerous other cases around the country stipulated to filing the record under seal to protect the confidentiality of beneficiaries' medical information. *See, e.g., Bilyeu v. Morgan Stanley Long-Term Disability Plan [& First Unum Life Ins. Co.,]* 2015 WL 4134447 *2 n.3 (D. Ariz. 2015) ("The parties stipulated to filing the administrative record under seal because a significant portion of the record contained personal identifiers requiring redaction or detailed personal medical information"); *Baird v. Unum Group,* 903 F. Supp. 2d 560, 561 (S.D. Ohio 2012) ("Unum filed the administrative record under seal"); *Boyles v. American Heritage Life Ins. Co.,* 226 F. Supp. 3d 497, 499 (W.D. Pa. 2016) ("the administrative records of AHL and Unum [were] filed under seal"); *Holifield v. Unum Life Ins. Co. of America,* 640 F. Supp. 2d 1224, 1227 (C.D. Cal. 2009) (Unum records were "filed with the Court under seal"); *Allison v. Unum Life Ins. Co.,* 2005 WL 1457636 at *16 (E.D.N.Y. 2005) ("administrative record filed by the defendants under seal").

### II. UNUM CAN POINT TO NO DISTINCTION BETWEEN THIS CASE AND THE MANY OTHERS WHERE IT AGREED TO FILING OF THE ADMINISTRATIVE RECORD UNDER SEAL THAT IS NOT ARBITRARY AND CAPRICIOUS.

The cardinal duty of an ERISA claims fiduciary is to administer claims in a manner that is not arbitrary and capricious, so Unum should be required to treat similarly-situated claimants

similarly.  *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) ("ERISA abounds with the language and terminology of trust law" and ERISA administrators are "fiduciaries").  The basis for Plaintiff's motion that the administrative record be filed under seal in this case is that the case turns on a careful examination of the details of Plaintiff's sensitive physical and cognitive medical information, both her own medical and neuropsychological records and Unum's treatment of that medical and neuropsychological information.  The urgency of having that information filed under seal has, of course, been greatly amplified by this Court's ruling that Plaintiff be required to reveal her name on the pleadings, so that means by which to protect her from the potential adverse impacts of publicly filing these sensitive records is now lost to Plaintiff.

The cases cited above involved similarly sensitive medical and/or psychological information.  *See Petrusich v. Unum Life Ins. Co. of America,* 984 F. Supp. 2d at 1119 (records of "anxiety, depression, and PTSD"); *Bilyeu v. Morgan Stanley Long-Term Disability Plan* [*& First Unum Life Ins. Co.,*] 2015 WL at *2 ("Behçet's [disease], [f]atigue, [and a]nxiety disorder" complicated by autoimmune condition"); *Baird v. Unum Group,* 903 F. Supp. 2d at 561 (record sealed even though the "reason [Baird's] benefits were terminated had nothing to do with her medical condition"); *Boyles v. American Heritage Life Ins. Co.,* 226 F. Supp. 3d at 501 (back problems and multiple surgeries); *Holifield v. Unum Life Ins. Co. of America,* 640 F. Supp. 2d at 1227-28 ("headaches, severe exhaustion, cognitive dysfunction, and decreased coping skills"); *Allison v. Unum Life Ins. Co.,* 2005 WL 1457636 at *10 ("continuing and deteriorating medical condition").

As a threshold matter, therefore, Unum should be required to explain why its refusal to stipulate to filing under seal in this matter is not simply arbitrary when compared to those other cases.  Plaintiff submits that there is no justifiable distinction between Unum's stipulations in those cases and Unum's refusal to stipulate here.

Page 3 – **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL**

### III. WHEN SENSITIVE MEDICAL INFORMATION WARRANTS PROTECTION FROM PUBLIC DISCLOSURE, FILING AN ERISA ADMINISTRATIVE RECORD UNDER SEAL IS APPROPRIATE.

The considerations which we cited to the Court in our Response to Defendant's Motion to Compel Plaintiff to Comply with FRCP 10(A) [Doc 15] also support filing Plaintiff's sensitive medical information under seal, and we incorporate them by reference. This nation since adoption of the Health Insurance Portability and Access Act of 1996 ("HIPAA") has embraced a strong federal policy of privacy in medical records, and Plaintiff should not be required to forfeit that expectation of privacy because Unum improvidently denied her disability claim in this case. *See* 42 U.S.C. §§ 1320d – 1320d-9; 42 C.F.R. §§ 160.102 *et seq*.

Sealing the administrative record is a routine means to protect that privacy principle in federal ERISA cases. *See, e.g., Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey,* 663 F.3d 1124, 1135-36 (3rd Cir. 2011) ("Nearly every document in the volume at issue includes the name of, and/or personal and private medical information relating to Mr. S's minor son [and] any document that does not contain such information would be of little use without reference to documents which do contain such information" so motion to seal administrative record granted). Like the numerous cases noted above where Unum stipulated to filing under seal, the decisions involving sealed medical records do not always contain lengthy reasoning. *See, e.g., Popovich v. Metropolitan Life Ins. Co.,* 2017 WL 6546920 *2 n.2 (C.D. Cal. 2017) (LTD claim involving heart condition noting that administrative record was filed under seal); *Mattingly v. Humana Health Plan,* 2016 WL 9344095 *3 (S.D. Ohio 2016) (unsealing removed case file that had previously been entirely sealed in state court, but "[i]n order to protect the confidentiality of Plaintiffs' medical records, Defendants shall file the Administrative Record under seal").

### IV. PLAINTIFF SHOULD BE PERMITTED, IF THE COURT WANTS TO WEIGH THE EXTENT OF PREJUDICE TO PLAINTIFF FROM THE SPECIFIC RECORDS IN THIS CASE, TO SUBMIT THE INFORMATION *IN CAMERA* WITH HER REPLY ON THIS MOTION.

This Court already has before it, attached to the prior declaration of Unum's counsel [Doc 20], Plaintiff's submissions to Unum upon which Unum reversed its initial denial. We are

Page 4 – **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL**

asking that these records now be sealed, and therefore do not want extensively to reference them in this motion. But the Court can see in that filing the kinds of sensitive medical information which absent the relief Plaintiff is seeking here will be permanently publicly associated with her.

One of the difficulties of fully informing the Court of the extent of prejudice to Plaintiff that would occur by public filing of the administrative record is that disclosure of that information in this motion would undermine the very confidentiality Plaintiff is seeking. For that reason, we have described the problem generally, but request the Court's leave to point specifically to the key examples of the medical and psychological information Plaintiff seeks to protect, under seal, in connection with her reply on this motion.

## CONCLUSION

Unum should be required to file the administrative record in this matter under seal, consistent with its routine prior practice in the cases cited above, and this Court should order that the Declaration of Robert B. Miller [Doc 20] be sealed.

DATED this 21st day of February, 2018.

HARRANG LONG GARY RUDNICK P.C.


By: _____s/ Arden J. Olson_____
　　Arden J. Olson, OSB #870704
　　arden.j.olson@harrang.com
　　Telephone:　541-485-0220
　　Facsimile:　541-686-6564

　　Of Attorneys for Plaintiff

Page 5 – **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

I certify that on February 21, 2018, I served or caused to be served a true and complete copy of the foregoing **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Robert B. Miller
Kilmer Voorhees & Lauarick PC
732 NW 19th Ave.
Portland, OR  97209
bobmiller@kilmerlaw.com

Of Attorneys for Defendant

HARRANG LONG GARY RUDNICK P.C.

By: _____s/ Arden J. Olson_____
Arden J. Olson, OSB #870704
arden.j.olson@harrang.com
Telephone:  541-485-0220
Facsimile:   541-686-6564

Of Attorneys for Plaintiff

01005971.v1

Page 6 – **MOTION TO REQUIRE THAT ADMINISTRATIVE RECORD BE FILED UNDER SEAL**