**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ALISON GARY, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA, a Main corporation,<br>as administrator of the Dickstein Shapiro LLP<br>Group Long Term Disability Plan,<br><br>        Defendant. | Case No. 3:17-cv-01414-HZ<br><br>**DEFENDANT'S OPPOSITION TO**<br>**PLAINTIFF'S MOTION TO SEAL**<br>**[DKT # 25]**<br><br>*Oral Argument Requested* |

       Plaintiff moves to seal the entire Administrative Record to protect against "potential adverse impacts of publicly filing . . . sensitive records" regarding her "physical and cognitive medical information." [Dkt # 25, p. 3] Plaintiff relies on her opposition to the Rule 10 Motion to carry her burden of proof on this Motion. [Dkt # 25, p. 4] F.R.C.P. 5.2(e) permits the Court to enter an appropriate protective order. The Advisory Committee notes state:

> "Subdivision (e) provides that the court can . . . require more extensive redaction than otherwise required by the Rule. Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court."

       The Court should deny the Motion because it does not provide the Court with the basis to seal the record for a compelling reason based on articulated facts while avoiding hypothesis or conjecture. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Page 1 –   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

I.   **Standard Governing Motions to File Under Seal**

The Ninth Circuit applies a specific standard to motions to seal judicial records that are the basis for dispositive motions. *Kamakana*, 447 F.3d at 1178. The movant "bears the burden of overcoming [the] strong presumption [in favor of access] by meeting the compelling reasons standard. . . . [I]f the court decides to seal [those] judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1178–79 (9th Cir. 2006) (internal citations omitted).

The standard requires the movant to substantiate compelling reasons to seal, rather than the good cause showing required for discovery documents. *Id*. at 1180. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179.

This heightened standard applies to this Motion. The Court's decision on Plaintiff's claims will be based on its review of the Administrative Record. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). That decision will be made on dispositive motions under either Rule 56 or Rule 52. *Id*. at 973; *see also*, *Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009) ("a motion for summary judgment is . . . the conduit to bring the legal question before the district court . . .").

The party seeking to seal records must sustain that heightened burden "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy even the less stringent Rule 26(c) test. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Here, Plaintiff improperly seeks a prospective, blanket, ruling rather than a motion to seal specific documents or information.

Page 2 –    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

**II.    Analysis**

    **A.    Plaintiff's general allegations are insufficient to carry her burden on this Motion.**

Relying on her response to the Rule 10 Motion, Plaintiff contends "there is a 'clear and substantial risk' that potential legal employers would be unwilling to hire Plaintiff." [Dkt # 23, p. 5] That risk rests on a series of contingent events that are not supported by any empirical evidence that, for example, legal employers search court filings and read them to make hiring decisions. Those contingencies are: if Plaintiff recovers, decides to go to work, decides to work in the legal field, and the potential employer learns she filed this lawsuit, and the employer reviews the Administrative Record, and the potential employer draws adverse conclusions from evidence that she was disabled, recovered sufficiently to return to legal work and made it to the employer's application process, the employer might (or might not) blacklist her based on not just something in the Administrative Record but, under Plaintiff's Motion, potentially anything in the Administrative Record. As the Court found:

> "Plaintiff fails to show that any prospective legal employer, or the community generally, is concerned about past cognitive disabilities of applicants. Plaintiff points to no evidence suggesting that this case is of particular note to the legal community. Plaintiff surmises that law firms are likely to reject her job application because of her medical condition. Plaintiff has no evidence that legal employers routinely search court docket sheets to obtain information about prospective hires. Plaintiff's fear of future harm is simply too speculative to be objectively reasonable."

[Dkt # 23, p. 8]

The Court found there is no reasonable basis for Plaintiff's fear the public record exposes her to harm:

> "Plaintiff surmises that law firms are likely to reject her job application because of her medical condition. Plaintiff has no evidence that legal employers routinely search court docket sheets to obtain information about prospective hires. Plaintiff's fear of future harm is simply too speculative to be objectively reasonable."

[Dkt # 23, p. 9]

Page 3 –    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

The Court found, "Plaintiff has not made any showing that Plaintiff is uniquely vulnerable to suffer the alleged future harms." *Id*. And the Court concluded that while a plaintiff desiring privacy should not be compelled to dismiss her claims, the relevant factors in this case did not outweigh the public interest in open courts. [Dkt # 23, p. 10]

Unum does not contend this Court's decision to grant the Rule 10 Motion is dispositive here. Rather, given Plaintiff's reliance on the evidence on that Motion, Plaintiff failed to provide the Court with a basis to enter a blanket, prospective, order to seal the records for a compelling reason based on articulated facts while avoiding hypothesis or conjecture. *Kamakana, supra.*

**B.     Plaintiff's proffered bases are insufficient to carry her burden on this Motion.**

Plaintiff relies on three bases to support the Motion to seal: "Unum has in numerous other cases around the country stipulated to filing the record under seal to protect the confidentiality of beneficiaries' medical information." [Dkt # 25, p. 2]; "Unum should be required to treat similarly-situated claimants similarly." [Dkt # 25, pp. 2-3]; and "Plaintiff should not be required to forfeit that expectation of privacy because Unum improvidently denied her disability claim in this case." [Dkt # 25, p. 4]. The Court should reject the first and second arguments as they improperly attempt to shift the burden to Unum on this Motion. Contested allegations as to Unum's conduct could only be at issue on the merits of the claim. As to the third premise, Plaintiff's general reference to the HIPAA statute does not cite to a controlling provision or establish a prima facie case to grant this Motion. The Motion to seal is governed by Rule 5.2 and the limitations applicable to the Court. *See* Advisory Notes, *supra.*

Plaintiff cites six cases where parties stipulated to filing under seal, but offers no analysis for why those cases apply here. *See, e.g.*, *Kamakana*, 447 F.3d at 1176 ("Because the parties had simply stipulated to the protective order, a particularized showing of "good cause" to keep the documents under seal had never been made . . ."). A stipulation to seal in those cases does not displace the Court's obligation on this Motion to conduct the analysis required to maintain public access to court records. *See, e.g., Id*. at 1179 ("[T]he presumption of access is not rebutted

Page 4 –    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ... 'compelling reasons' standard continues to apply."), quoting *Foltz*, 331 F.3d at 1136 (9th Cir. 2003).

Plaintiff contends, without evidence, that Unum has a routine practice for filing under seal and is acting arbitrarily. Plaintiff offered no analysis that the stipulations reached in the cited cases apply to the facts at issue here beyond the general proposition that they involved claims for disability income benefits. Those cases offer no probative value for Plaintiff's speculation regarding the content that formed the bases for the courts' decisions to exercise discretion and seal the record pursuant to those stipulations. Plaintiff offered no basis to rely on those six cases as a meaningful measure for an inference or assumption that Unum has a routine practice or acted arbitrarily here. As of December 2017, Westlaw reported 1,593 cases where Unum Life is a party; 440 were published decisions and 64 of those were decisions from the circuit and district courts in the Ninth Circuit. Plaintiff cannot meet her burden on this Motion with conjecture that all Unum disability income claims have been or can be sealed based on a general reference to six cases with no analysis of the facts.

### III. Conclusion

The Court should deny the Motion because it does not provide the Court with the basis to enter a blanket, prospective, order to seal the records for a compelling reason based on articulated facts while avoiding hypothesis or conjecture. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

DATED this 27th day of February, 2018.

KILMER VOORHEES & LAURICK, P.C.

*/s/ Robert B. Miller*
Robert B. Miller, OSB No. 960068
bobmiller@kilmerlaw.com
Attorneys for Defendant

I:\10126\0013\Pleadings\Response to Motion AR File Under Seal.docx

Page 5 –   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290