IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ALISON GARY, an individual,

        Plaintiff,

   v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, a Maine corporation,
as administrator of the Dickstein Shapiro LLP
Group Long Term Disability Plan,

        Defendant.

No. 3:17-cv-01414-HZ

OPINION & ORDER


Arden J. Olson
Harrang Long Gary Rudnick, PC
360 E. 10th Avenue, Suite 300
Eugene, OR 97401-3273

    Attorney for Plaintiff


Robert B. Miller
Kilmer Voorhees & Laurick, PC
732 NW 19th Avenue
Portland, OR 97209

    Attorney for Defendant


1 – OPINION AND ORDER

HERNÁNDEZ, District Judge:

Plaintiff Alison Gary brings this Employee Retirement Income Security Act ("ERISA") action against Defendant Unum Life Insurance Company of America, contending that Defendant improperly denied Plaintiff's application for disability benefits. Plaintiff now moves under Federal Rule of Civil Procedure 5.2(d) for the entire administrative record, any additions to it, as well as a Declaration and exhibits previously filed by Defendant UNUM Life, to be filed under seal. I grant the motion.

## BACKGROUND

Plaintiff was employed by Dickstein Shapiro LLP as an associate attorney, starting on September 24, 2012. Compl. ¶6, ECF 1. Plaintiff states that by November 27, 2013, she had become totally disabled. *Id*. Plaintiff's physician ordered Plaintiff to cease work. *Id*. On December 1, 2013, Plaintiff stopped working as an attorney. *Id*. Since that time, Plaintiff has remained unemployed and under medical treatment. *Id*.

In 2016, Plaintiff filed a claim for long-term-disability ("LTD") benefits under Dickstein Shapiro LLP's Group Plan, which is administrated by Defendant. *Id*. at ¶¶2, 17. On February 22, 2017, Defendant paid Plaintiff one month's benefit under the Plan while it completed its review of Plaintiff's claim. *Id*. at ¶21. The next day Defendant denied Plaintiff's claim. *Id*. at ¶22. Plaintiff pursued an administrative appeal, and on July 28, 2017, Defendant granted short-term-disability ("STD") benefits but denied LTD benefits. *Id*. at ¶¶23–25. On September 8, 2017, Plaintiff filed suit against Defendant seeking recovery of LTD benefits, a declaration of continuing benefits, and fees and costs. *See* Compl. ¶¶30–62.

/ / /

/ / /

DISCUSSION

Rule 5.2(d) states that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." The Ninth Circuit uses a balancing test to determine under what circumstances the filing of documents under seal is appropriate. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The court must balance the private interests of the litigants with the right of public access to court documents. *Id.* at 1178–79. There is a "narrow range" of documents that are exempt from the right of public access because they have "traditionally been kept secret for important policy reasons." *Id.* at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). If the documents are not exempted from the right of public access then the court must apply the balancing test. *Id.* at 1178. The party seeking to seal bears the burden of overcoming the presumption of public access. *Id.* When determining whether to seal evidence the court examines whether the evidence is attached to a dispositive or non-dispositive motion. *Id.* For non-dispositive motions the court may seal evidence on a showing of "good cause." *Id.* For dispositive motions the court may seal evidence only when a party articulates "compelling reasons." *Id.* The higher standard for non-dispositive motions exists because "[d]ifferent interests are at stake with the right of access than with Rule 26(c);[1] with the former, the private interests of the litigants are not the only weights on the scale." *Id.* (footnote added). A "good cause" showing, without more, will not satisfy the "compelling reasons" test. *Id.* at 1184.

Plaintiff argues that, when sensitive medical information warrants protection from public disclosure, filing an ERISA administrative record under seal is appropriate. Pl. Mot. at 4, ECF

---

[1] Federal Rule of Civil Procedure 26(c) allows a court to issue a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

3 – OPINION AND ORDER

25. Plaintiff argues that the Ninth Circuit in *Kamakana* endorsed the lower court's decision that medical records are "traditionally kept secret" under the "compelling reasons" test. Pl. Reply at 2, ECF 27. Plaintiff argues that her medical privacy is a "compelling reason" under the test. Pl. Reply at 2, 3. Plaintiff cites ten district court cases from the Ninth Circuit as examples of instances when medical records were sealed. *Id.* at 2, 3. Plaintiff argues that she has met her burden under *Kamakana* and that the record should be sealed, or in the alternative that the portion of the record which contains medical information be sealed. *Id.*[2] Additionally, Plaintiff incorporates by reference the arguments in her response to Defendant's prior Rule 10 motion, which sought to compel Plaintiff to re-file this action using her full name instead of initials (Pl. Resp. at 5, 8, 9, ECF 15). Pl. Mot. at 4.

Defendant argues that Plaintiff has not met her burden under *Kamakana* because she has not shown a compelling reason based on articulated facts, while avoiding hypothesis or conjecture. Def. Resp. at 1, ECF 26. Defendant argues that Plaintiff's fears of harm in her response to Defendant's Rule 10 motion (Pl. Resp. at 5, 8, 9) are insufficient to supply the Court with a compelling reason to seal the record. Def. Resp. at 3, 4. Defendant also argues that Plaintiff's general allegations are insufficient to carry her motion, and that previous cases where Defendant has agreed to seal an administrative record do not displace the Court's obligation to apply the *Kamakana* test. *Id.*

First, it is important to clarify that the "traditionally kept secret" doctrine is entirely separate from the "compelling reasons" test, and does not apply here. Documents that are "traditionally kept secret" are exempt from the right of public access. If not exempt, then the right of public access is determined by a balancing test. *See Kamakana*, 447 F.3d at 1178.

---

[2] Plaintiff also makes arguments about Defendant's past willingness to allow other plaintiffs to seal records in similar cases, and Defendant's duty as an ERISA fiduciary to treat Plaintiff fairly. Pl. Mot. at 2, 3; Pl. Reply at 3, 4. The Court does not consider these arguments for the purpose of this decision.

Medical records do not fall under the "traditionally kept secret" doctrine. *See id.* (explaining that case-law has identified only two categories of documents that are "traditionally kept secret": transcripts of grand jury proceedings and warrant materials in the midst of pre-indictment investigation); *U.S. v. Index Newspapers LLC*, 766 F.3d 1072, 1084, 1085 (9th Cir. 2014) (expanding the categories to include filings and transcripts relating to motions to quash a grand jury subpoena, closed portions of contempt hearings where matters presented before a grand jury were discussed, and motions to hold a grand jury witness in contempt). As such, because medical records are not "traditionally kept secret," they are not automatically exempted from the right of public access.

Second, Defendant notes that the Court found that Plaintiff's fears of specifically-alleged future harms were, in the context of Plaintiff's Rule 10 motion, not objectively reasonable. Defendant argues that, as a result of this ruling, reliance on evidence from that motion is not enough to decide this motion in Plaintiff's favor. Def. Resp. at 3, 4. Defendant admits that this argument is "not dispositive" as to this motion. Def. Resp. at 4. Defendant's argument is not persuasive. The *Kamakana* test does not require an objective reasonableness analysis, nor does it require a minimum severity of harm. *See Kamakana*, 447 F.3d at 1178–81. The *Kamakana* balancing test contemplates other interests besides the fear of harm, such as privacy rights and confidentiality. *Id.* It is enough for a party to show any "compelling reason," not necessarily one of a particularized harm. *Id.*

The motion before the Court contemplates evidence that has been, or likely will be, attached to both dispositive and non-dispositive pleadings. As such, the Court will apply the "compelling reasons" standard set forth in *Kamakana*, rather than the "good cause" standard. *Id.* at 1178. To meet the "compelling reasons" standard a party must do more than simply mention a

general category of privilege. *Id.* at 1184. A party must "articulate compelling reasons supported by specific factual findings[] that outweigh the general history of access and the public policies favoring disclosure, such as the 'the public interest in understanding the judicial process.'" *Id.* at 1178–79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1125 (9th Cir. 2003)) (internal citations omitted). The court must "conscientiously balance[] the competing interests" of the public and the party who seeks sealing. *Id.* (citing *Foltz*, 331 F.3d at 1434). The *Kamakana* court specifically noted "sensitive personal information" and information that would be used for "scandalous or libelous" purposes as "compelling reasons" that satisfy the test. *Id.*

In *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* the court went so far as to *sua sponte* seal medical records because it found that the need to protect the patient's "confidential medical information outweigh[ed] any necessity for disclosure[.]" No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011). In *Hunt v. Continental Casualty Co.*, the court allowed the plaintiff's psychotherapist's deposition testimony to be filed under seal, holding that the plaintiff's interest in "preserving the privacy of her sensitive mental health records" constituted a compelling reason. No. 13–cv–05966–HSG, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14 2015). In *A.C. v. City of Santa Clara*, the court allowed medical records to be sealed because it found that the "compelling confidentiality concerns" outweighed the public presumption of access. No. 13–cv–03276–HSG, 2015 WL 4076364, at *2 (N.D. Cal. Jul. 2, 2015). In *Peterson v. Reike*, the court allowed medical records attached to a motion for summary judgment to be sealed because the plaintiff had an "interest in keeping his mental health records private" and should not have to sacrifice those rights to bring his suit. No. 1:14-cv-00477-CWD, 2017 WL 1138135, at *3 (D. Id. Mar 27, 2017). Many other district courts in the Ninth Circuit have held that the "sensitive and confidential nature of medical records" is a compelling reason

that satisfies the test. *Bloss v. Twin Falls Cty.*, No. 1:15-cv-00467-BLW, 2017 WL 3659164, at *7 (D. Id. Aug. 24, 2017); *see, e.g., Williams v. Nev. Dep't. of Corr.*, No. 2:13–cv–941–JAD–VCF, 2014 WL 3734287, at *1 (D. Nev. Jul. 29, 2014); *Farkas v. Nev. Dep't. of Corr.*, No. 2:14–cv–451–JAD–VCF, 2014 WL 4105139, at *1 (D. Nev. Aug. 18, 2014); *Lombardi v. TriWest Healthcare All. Corp.*, No. CV–08–02381–PHX–FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009). The parties have not presented, and the Court is not aware of, any cases where medical information was not allowed to be filed under seal under the "compelling reasons" standard.

Because this motion was filed in anticipation of the filing of the administrative record, the Court has not seen the entirety of the medical and personal information that will be filed. However, the Court has reviewed documents submitted with prior filings, such as those attached to the Declaration of Defense counsel that Plaintiff seeks to seal. A significant amount of medical and personal information is contained in these documents, and is likely to be contained within the full administrative record. Applying the test here, balancing the right of public access and the public interest in open court records against the privacy interests of the party seeking to seal the record, the Court finds that Plaintiff's interest in keeping her personal and medical information private outweighs the right of public access and is a compelling reason to seal the record. The Court also holds, for the same reasons, that Plaintiff has shown compelling reasons to seal the declaration of Defendant's counsel (ECF 20), as well as any future-filed supplement to the administrative record.

In camera review of the evidence is not necessary. Plaintiff has stated that approximately 75% of the more than 2,400 pages of the administrative record contain medical information or other sensitive personal information. Pl. Reply at 3. It is not a useful expenditure of counsel's

time to separate and redact the approximately 1,800 pages of the administrative record that contains medical and sensitive personal information.

CONCLUSION

Plaintiff's motion to seal [25] is granted. The administrative record, any supplements to it, and Defendant's counsel's Declaration and exhibits attached thereto [20, 20-1, 20-2] are ordered sealed.

IT IS SO ORDERED.

Dated this 17 day of April, 2018.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge